# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50028 | **DATE** | 6/18/2010 |
| **CASE TITLE** | Pfluger vs. Bernanke, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants plaintiff's motion for leave to file an amended complaint, denies plaintiff's motion for default judgment, dismisses the amended complaint, denies the motion to certify the case, and dismisses this cause in its entirety.

*/s/ Philip G. Reinhard*

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, Robert A. Pfluger, filed a pro se amended complaint[1] in which he essentially seeks a declaratory judgment that the Federal Reserve Act is unconstitutional, an order that all Federal Reserve notes be replaced with "Gold Certificates," and various other directives related thereto. Defendants, the Federal Reserve Chairman, the Attorney General of the United States, and the Solicitor General, have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6), contending respectively that plaintiff lacks Article III standing and that the amended complaint fails to state a meritorious claim. Plaintiff has filed a reply.[2]

Under Article III of the Constitution, federal courts are limited to hearing cases and controversies. Pollack v. United States Dept. of Justice, 577 F. 3d 736, 738 (7th Cir. 2009). This provision limits the judicial power to the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of the law. Pollack, 577 F. 3d at 739. This restriction on the power of the courts is founded on concern about the proper, and properly limited, role of the courts in a democratic society. Pollack, 577 F. 3d at 739. Permitting a court to decide a case where a plaintiff does not have standing would allow courts to oversee legislative and executive action and thus significantly alter the allocation of power away from a democratic form of government. Pollack, 577 F. 3d at 739. In order to show standing, a plaintiff must show: (1) that he is under threat of suffering an injury in fact that is concrete and particularized; (2) that the threat is actual and imminent; (3) that it is fairly traceable to the challenged action of the defendant; and (4) that it is likely that a favorable judicial decision will prevent or redress the injury. Pollack, 577 F. 3d at 739.

A corollary is the rule that a plaintiff's payment of taxes is generally insufficient to establish standing to challenge the constitutionality of a government activity or program. Laskowski v. Spellings, 546 F. 3d 822, 825 (7th Cir. 2008). This is because taxpayers have no direct personal interest in the money in the Treasury and therefore suffer no redressable injury when the government puts money to an unconstitutional use. Laskowski, 546 F. 3d at 825. The interest of individual taxpayers is shared with all other taxpayers and

**STATEMENT**

is therefore too generalized and attenuated to support Article III standing. Laskowski, 546 F. 3d at 825.

In this case, plaintiff has not shown Article III standing based on the allegations of his amended complaint. He seeks to challenge the Federal Reserve Act and what he asserts is the resulting economic impact of inflation. This claim fails to show standing because it is not particularized to plaintiff. Even if the Federal Reserve Act does in fact cause inflation, such an economic impact, if any, would be felt by all Americans, not just plaintiff. Further, plaintiff has not shown that inflation is fairly traceable to the Federal Reserve Act as opposed to some other economic forces. Nor can he show that an order striking down the Federal Reserve Act would in fact affect inflation, let alone in the way he desires.

Plaintiff also lacks standing as a taxpayer to challenge the monetary policies of the Federal Government. See Laskowski, 546 F. 3d at 825. While plaintiff attempts to rely on an exception to the non-standing rule applicable to taxpayers established in Flast v. Cohen, 392 U.S. 83 (1968), such reliance fails. In Flast, the Supreme Court held that taxpayers have standing to raise Establishment Clause challenges to specific Congressional exercises of the Article I, Section 8 taxing and spending power. Flast, 392 U.S. at 102-03. Plaintiff's amended complaint, however, is not based on any Establishment Clause claim. Nor does Flast create a blanket exception to the ordinary bar to taxpayer standing based on "justice" as plaintiff contends.

Finally, several courts have dismissed similar challenges to the Federal Reserve Act because the plaintiffs lacked Article III standing. See, e.g., Horne v. Federal Reserve Bank of Minneapolis, 344 F. 2d 725 (8th Cir. 1965); Howe v. United States, 632 F. Supp. 700 (D. Mass. 1986). These cases further reinforce this court's ruling that plaintiff lacks Article III standing to challenge the Federal Reserve Act. Therefore, for these reasons the court grants defendants' Rule 12(b)(1) motion to dismiss the amended complaint.[3]

For the foregoing reasons, the court grants plaintiff's motion for leave to file an amended complaint, denies plaintiff's motion for default judgment, dismisses the amended complaint, and dismisses this cause in its entirety.[4]

---

1. Plaintiff filed a motion for leave to file an amended complaint to which defendants have not expressly objected. Rather, defendants assert that the allegations in the amended complaint do not differ materially from the original complaint and direct their motion to dismiss at both complaints. The court grants the motion for leave to file an amended complaint and will consider the motion to dismiss as it relates to the amended complaint.

2. Plaintiff has also filed a motion for default judgment, asserting that defendants failed to file a timely response to his complaint as required by Rule 12(a)(2). The motion is denied as it is undisputed that the United States Attorney was not served until February 9, 2010, and the motion to dismiss was filed on April 2, 1010, within the 60-day period provided by Rule 12(a)(2).

3. Defendants alternatively seek dismissal under Rule 12(b)(6), asserting that the amended complaint fails to set forth a cognizable claim. While there may be merit to defendants' position, the court need not reach the alternative basis for dismissal.

4. The motion to certify this case to the United States Supreme Court is denied as moot and also as being frivolous. If plaintiff seeks review by the Supreme Court, he must do so via normal procedural methods.